IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION   (NO. VI) | : : : | CONSOLIDATED UNDER MDL DOCKET NO. 875 |

| | | |
|---|---|---|
| DAROLD G. HEMBEL, ET AL. | : | CIVIL ACTION |
| v. | : | |
| | : | |
| AP GREEN REFRACTORIES, ET AL. | : | NO.: 95-CV-00276 |
| | : | (U.S.D.C.  WISCONSIN EASTERN) |

| | | |
|---|---|---|
| ALL PLAINTIFFS | : | CIVIL ACTION |
| v. | : | |
| | : | |
| ALL DEFENDANTS | : | NO.: 10-CV-61845 - 10-61904 |
| | : | (U.S.D.C.  Pennsylvania Eastern ) |

# ORDER

AND NOW, this 9th  day of April, 2010, it is hereby ORDERED[1] as follows:

---

[1] A civil action was filed in the Eastern District of Wisconsin and properly docketed by that court as 95-cv-00276; this civil action has been transferred to this court as part of the federal systemwide asbestos products liability litigation, known commonly as MDL 875.

This one civil action has been brought by 87 individual plaintiffs.  We note that claims of different plaintiffs which involve common legal issues, but totally different alleged facts, may not be grouped into single action pursuant to the plain and unambiguous language of Fed. R. Civ. P. 20(a)(1).  In the instant matter, while it is true that the claims do not arise out of the same transaction, occurrence or series of transactions or occurrences, and are not therefore related within the meaning of Fed. R. Civ. P. 20(a)(1). Pursuant to Fed. R. Civ. P. 21, federal courts may sever misjoined plaintiffs sua sponte when their claims do not arise out of the same transaction, occurrence or series of transactions or occurrences.  In addition, courts may sever parties for the "efficient administration of justice."  An action severed under Fed. R. Civ. P. 21 becomes an independent civil action. Moreover, the just, speedy and efficient processing of this matter in this court will require separate trials for each

1. Within sixty (60) days, <u>each</u> individual plaintiff (see attached case log) shall file one "Severed and Amended Complaint" in this Court. The Clerk of this Court is directed to assign civil action numbers to each individual plaintiff. Failure to comply with this section of the instant order may result, upon motion by any concerned defendant or by rule to show cause issued by the Court, in the dismissal of that specific plaintiff's civil action <u>with prejudice</u>, pursuant to Fed. R. Civ. P. 41(b).

2. Each Severed and Amended Complaint shall contain the specific claims asserted by that individual plaintiff against any defendant named in the Severed and Amended Complaint. Failure to comply with this section of the instant Order may result, upon motion by any concerned defendant or by a rule to show cause issued by the Court, in the dismissal of that specific plaintiff's civil action <u>with prejudice</u>, pursuant to Fed. R. Civ. P. 41(b).

3. Each Severed and Amended Complaint shall be submitted to the Clerk of the Court on disk in portable document format (.pdf), along with a courtesy paper copy of the complaint, for filing. Pursuant to Local Rule of Civil Procedure 5.1.2., all attorneys shall apply for a signature code by completing and filing with the Clerk of the Court a Validation of Signature Form, a copy of which is attached hereto. An attorney's signature code shall be entered on the signature line of the courtesy copy of the Severed and Amended Complaint for the purpose of signature validation pursuant to Fed. R. Civ. P. 11.

---

of these plaintiffs, as their lawsuits may involve different facts, different witnesses, different evidence, different legal theories and different defenses, which could lead to confusion of the jury if they were all tried together. In addition, it is obvious that permitting such multi-plaintiff actions with unrelated claims to proceed without severance would complicate discovery and interfere with its completion in accordance with assigned deadlines. Severance of this matter will require each of the plaintiffs to file a Severed and Amended Complaint that provides the necessary information about his or her individual claims. Likewise, a filing fee pursuant to 28 U.S.C. §1914(a) must be assessed for each of these individual plaintiffs (except for the lead plaintiff, Darold G. Hembel), who has already satisfied the fee requirement in the Eastern District of Wisconsin.

4. Absent prior leave of court, a Severed and Amended Complaint shall contain only those claims pleaded in the original multi-plaintiff action or some subset of those claims. Failure to comply with this section of this Order may result, upon motion by any concerned defendant or by a rule to show cause issued by the Court, in the dismissal of the affected claims with prejudice.

5. Absent prior leave of court, a Severed and Amended Complaint shall not name any new defendants not named in the original multi-plaintiff action. Claims against any such "new defendants" may result, upon motion by any such "new defendant," in the dismissal of the affected claims with prejudice.

6. Claims against any defendant who is named in the original action, but who is not named as defendant by the specific plaintiff in any one specific Severed and Amended Complaint may result in the dismissal, sua sponte, of that specific plaintiff's civil action with prejudice.

7. Except for Darold G. Hembel (the lead plaintiff in the aforesaid matter originally filed in the Eastern District of Wisconsin), each plaintiff who files a Severed and Amended Complaint shall remit to the Clerk of Court a filing fee in the amount of $350.00 pursuant to 28 U.S.C. §1914(a). A specific plaintiff's failure to comply with this section of the instant Order may result in the dismissal, sua sponte, of the specific plaintiff's civil action with prejudice.

8. Each Severed and Amended Complaint must be served by the concerned plaintiff as required by Fed. R. Civ. P. 5.

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.

Date: 4/09/2010

**CC by Mail:**

Trexell
Velguth
Rosenberg
Gass
Wrenn

**CC by E-Mail:**

Lyons
Dixon
Cascino
Drumke
Will